Onyenezi, Chukwuka Frank, esq.
The Onyenezi Law Firm & Associates
9898 Bissonnet St., Ste. 625
Houston, Texas 77036
713-782-6688-Phone
713-782-6633- Facsimile

United States District Court
Southern District of Texas
FILED

OCT 2 9 2010

David J. Bradley, Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| STEPHON WIGGINS, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) |
| | ) |
| ST. LUKE'S EPISCOPAL HEALTH SYSTEM | ) |
| | ) |
| DEFENDANT | ) |

CASE NO. 4: 10 CV 4209

COMPLAINT

JURY TRIAL DEMAND

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, STEPHON WIGGINS, (hereinafter, "Plaintiff"), by and through his attorneys alleges the following against Defendant, ST. LUKE'S EPISCOPAL HEALTH SYSTEM (hereinafter, "Defendant"):

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, et seq.). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive and other relief for sexual harassment, and illegal discrimination in employment.

### A. **JURISDICTION AND VENUE**

2. This Court has jurisdiction, because this action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ; and venue is proper in the Houston division of the United States District Court for the Southern District of Texas, because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

1

## B. **THE PARTIES**

3. Plaintiff, STEPHON WIGGINS is an adult male and a citizen of the United States who currently resides in Houston, Harris County, Texas. Plaintiff is responsibly married with children, and maintains a stable, and healthy family.

4. Defendant, ST. LUKE'S EPISCOPAL HEALTH SYSTEM, is an employer and entity doing business in Houston, Harris County, Texas. Defendant is, and at all times relevant hereto, a Texas corporation, with its principal place of business in Houston, Harris County, Texas. Relative to the jurisdictional requirements of Title VII, "at all times relevant thereto, Defendant engaged in an industry affecting commerce and employed more than five hundred (500) regular employees."

## C. **FACTS**

5. Plaintiff was as employed by Defendant in October of 1996 as a cleaner; and by the year 2010 (in about 14years), plaintiff diligently and conscientiously, worked his way up to the position of a senior admitting interviewer. He worked in a unit where he was the only male employee among several female employees. Plaintiff maintained regular excellent annual performance evaluations.

Plaintiff was a diligent and conscientious employee in the course of his employment, and in discharging his duties while employed at Defendant's facility at the medical center in Downtown, Houston. About July of 2010, some female employees in his unit began using unwelcome innuendos, and other verbal conduct of a sexual nature toward plaintiff. Specifically, these female employees made sexually offensive comments of "the size of his 'shoes,' the size of his butts, the size of his male 'thing,'" and other offensive verbal conduct. He subsequently, and properly (in accordance with existing procedures) reported his situation and agonies to the Vice President, Bill Brosius, and the human resource personnel, Debora Mahannah. These, although were in positions to stop plaintiff's agonies and frustrations, chose to do nothing. When nothing was being done to alleviate plaintiff's miseries , as a responsibly married man, he proceeded to reporting these incessant sexually offensive verbal conducts to his immediate manager, Mitchel Hilburn. Unfortunately, Mitchel Hilburn, like Bill Brosius and Debora Mahannah, also did nothing reasonably to stop plaintiff's agonies, and ensure he worked in a hostile-free environment. Defendant was under a legal duty to ensure safe, non-hostile, and non-offensive

2

working environment to plaintiff. This unwelcome verbal conduct of a sexual nature was sufficiently severe or pervasive, and unreasonably interfered with plaintiff's work performance, and actually resulted in an intimidating, hostile or offensive work environment to plaintiff. Rather than seek ways to protect plaintiff's rights and peace of mind in the workplace, his manager, Debora Mahannah, Mitchel Hilburn and Bill Brosius engaged in witch-hunt activities against Plaintiff, and used their powers to terminate plaintiff's employment with Defendant.

6. Defendant engaged in policies and practices which willfully, intentionally, and unlawfully discriminated against Plaintiff on the basis of his sex. These practices and policies include, but are not limited to, retaliating against plaintiff for exercising a legally protected right of reporting alleged verbal conduct of a sexual nature toward him by female employees; and consequently, terminating his employment with Defendant.

## D. **CAUSES OF ACTION**

Plaintiff seeks redress against Defendant for the following causes of action:

7. Sexual Harassment: The United States Supreme Court, in articulating its brilliant opinion in Merito Savings Bank, FSB v. Vinson, 477 U.S. 57, (1986), opined that, "in defining sexual harassment , the Guidelines first describe the kinds of work place conduct that may be actionable under Title VII. These include unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature. The Guidelines provide that such sexual misconduct constitutes prohibited sexual harassment, whether or not it is directly linked to the grant or denial of an economic quid pro quo, where such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment."
Here, the sexual harassment was unwelcome, because Plaintiff complained and reported it his superiors. Defendant knew or should have known of the harassment and failed to take prompt remedial actions to stop it. Plaintiff suffered loss of job, and consequently, emotional distress as a result of Defendant's conduct.

8. Retaliation: Plaintiff engaged in a protected activity, when he reported the sexual harassment to his superiors at Defendant's facility. Plaintiff suffered adverse

3

employment action by being terminated by Defendant. Apparently, causal connection exists between Plaintiff's protected activity and the adverse employment action. Plaintiff's employment was terminated because he reported the harassment to his superiors.  Plaintiff suffered damages as a result of Defendant's retaliatory conduct; he suffered loss of employment, and consequently, severe emotional distress.

9.  Intentional/ Negligent Infliction of Emotional Distress:  Defendant engaged in extreme and outrageous conduct. Defendant engaged in this conduct negligently, or with the intent to cause harm or in reckless disregard of the probability of causing plaintiff to suffer emotional distress.

Plaintiff suffered emotional distress. Furthermore, Defendant's conduct caused Plaintiff to suffer severe emotional distress, or Defendant's negligence was a legal cause of plaintiff's severe emotional distress.


E. **EXHAUSTION OF REMEDIES**

10. Plaintiff has filed a timely charge of discrimination with the Equal Employment Opportunity Commission and has met all administrative prerequisites necessary to go forward with this law suit.


F. **PRAYER**

**WHEREFORE PREMISES CONSIDERED,** Plaintiff requests that this honorable Court advance this case on the docket, order a hearing at the earliest practical date, and upon such hearing:

(A) Issue an order awarding Plaintiff back pay, pre judgment interests, fringe benefits, and any other

appropriate relief necessary to make Plaintiff whole and compensate him for the civil rights violations described above;

(B) Award Plaintiff front pay, fringe benefits, and other compensation;

(C) Award Plaintiff legal remedies in the amount of three hundred thousand US dollars($300,000.00) to make him whole; and

(D) Award Plaintiff the cost of this action, including reasonable attorney's fees, and such other legal and equitable relief as this Court deems just and proper.

Respectfully submitted,

ONYENEZI, CHUKWUKA FRANK

WSBA# 37145

FED. DIST. COURT ADMISSION NO. 609848

Onyenezi, Chukwuka Frank
The Onyenezi Law Firm & Associates
9898 Bissonnet St., Ste. 625
Houston, Texas 77036
713-782-6688-Phone
713-782-6633-Facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHON WIGGINS | § | |
| | § | |
| PLAINTIFF, | § | CASE NO._____ |
| | § | |
| Vs. | § | COMPLAINT |
| | § | |
| ST. LUKE'S EPISCOPAL HEALTH SYSTEM | § | |
| | § | JURY TRIAL DEMAND |
| DEFENDANT | § | |

CERTIFICATE OF SERVICE

This certifies that, I, Frank C. Onyenezi, on 10/29/10, mailed a copy of this complaint to
Defendant, St. Luke's Episcopal Health System, through its Counsel, Jennifer Cooper, Esq. at
Wells Fargo Plaza, 1000 Louisiana, Suite 5400, Houston, Texas 77002-5013, via certified mail,
return receipt requested.

Respectfully submitted,

Frank C. Onyenezi, Esq.
Attorney for Plaintiff