IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHON WIGGINS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 4:10-CV-4209 |
| | ) | |
| ST. LUKE'S EPISCOPAL HEALTH | ) | |
| SYSTEM | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ORIGINAL ANSWER
## TO PLAINTIFF'S SECOND AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant St. Luke's Episcopal Hospital, improperly named as St. Luke's Episcopal Health System (hereinafter "Defendant" or "St. Luke's"), submits this Original Answer to Plaintiff's Second Amended Complaint ("Plaintiff's Complaint") as follows:

### I. AFFIRMATIVE DEFENSES

#### First Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted; therefore, Plaintiff's Complaint should be dismissed and denied in its entirety.

#### Second Defense

Plaintiff was an at-will employee, as that term is defined under the common law of Texas, and there is no restriction prohibiting his termination at any time and for any reason, not specifically prohibited by common or statutory law, with or without cause.

### Third Defense

All actions taken with regard to Plaintiff's employment were the result of legitimate, non-discriminatory business decisions.

### Fourth Defense

Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

### Fifth Defense

All or part of Plaintiff's claims may be barred as a result of his failure to exhaust applicable administrative remedies.

### Sixth Defense

Plaintiff failed to mitigate his damages, and, therefore, his claim for lost wages and future wages should be denied, or in the alternative, reduced.

### Seventh Defense

Plaintiff's claim for intentional infliction of emotional distress is a gap-filler tort, and Plaintiff cannot recover independent damages for this claim; Plaintiff's claim is barred because Plaintiff has the right to recover damages under an alternative statute.

### Eighth Defense

Defendant made a good faith effort to comply with the law and, thus, is not liable for the alleged intentional, malicious, or gross negligent acts of its agents or employees.

### Ninth Defense

Any award of exemplary damages violates the due process clause of the Fifth Amendment and Fourteenth Amendment to the United States Constitution, in addition to Article 1, Section 19 of the Texas Constitution, because:

(a)      Such punitive damages are intended to punish and deter Defendant, and, thus, this proceeding becomes essentially criminal in nature;

(b)      Defendant is being compelled to be a witness against itself in a proceeding that is essentially and effectively criminal in nature, in violation of Defendant's right to due process, and in violation of the Constitutions of the United States and of the State of Texas;

(c)      Plaintiff's burden of proof to establish punitive damages in this proceeding, which is effectively criminal in nature, is less than the burden of proof required in all other criminal proceedings, and thus violates Defendant's right to due process as guaranteed by the Fourteenth Amendment of the United States Constitution and the rights of Defendant under Article 1, Section 19 of the Texas Constitution; and

(d)      Inasmuch as this proceeding is essentially and effectively criminal in nature, Defendant is being denied the requirements of adequate notice of the elements of the offense, and that such statutory and common law theories purportedly authorizing punitive damages are sufficiently vague and ambiguous, and Plaintiff's Complaint purporting to invoke such statutory and/or common law theory is so vague and ambiguous as to be in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and in violation of Article 1, Section 19 of the Texas Constitution.

**Tenth Defense**

Plaintiff's claim for punitive or exemplary damages violates this Defendant's right to protection from being subjected to excessive fines, as provided in Article 1, Section 13 of the Texas Constitution.

### Eleventh Defense

With regard to Plaintiff's claim of hostile work environment, Plaintiff has not alleged sufficiently severe or pervasive conduct to support such a cause of action.

### Twelfth Defense

Defendant pleads election of remedies.

### Thirteenth Defense

Defendant took prompt and remedial action in response to any complaints lodge by Plaintiff.

### Fourteenth Defense

Defendant exercised reasonable care to prevent and correct promptly any allegedly discriminatory, harassing, or retaliatory conduct. Defendant maintains Plaintiff unreasonably failed to avail himself of the preventative and corrective measures provided by Defendant or to avoid harm otherwise.

### Fifteenth Defense

Plaintiff's own conduct, acts, or omissions caused or contributed to any injury he allegedly sustained, such that he is estopped from asserting claims related thereto.

### Sixteenth Defense

To the extent that Plaintiff makes claims for compensatory and punitive damages in this action, any award of such damages is limited by the applicable statutory caps.

### Seventeenth Defense

In addition to the foregoing defenses, Plaintiff's claims may be subject to one or more of the remaining affirmative defenses provided in Rule 8(c), of the Federal Rules of Civil

Procedure, and Defendant affirmatively reserves the right to add such defenses upon completion of discovery.

## II. ORIGINAL ANSWER

1.      The statements in paragraph 1 of Plaintiff's Complaint are not factual in nature and state a legal conclusion and, hence, require no response of admission or denial.  Nonetheless, Defendant denies that it discriminated or retaliated against Plaintiff in violation of 42 U.S.C. § 2000e *et. seq.*

**JURISDICTION AND VENUE**

2.      Defendant admits that Plaintiff invokes the jurisdiction of this court pursuant to 42 U.S.C. § 2000e *et. seq.*, and that venue is proper in this court; however, Defendant denies that Plaintiff has stated a claim under this act for which relief can be granted.

**THE PARTIES**

3.      Defendant admits that Plaintiff is Stephon Wiggins, an adult male.   However, Defendant is without sufficient knowledge and information to admit or deny the remaining allegations in paragraph 3 of Plaintiff's Complaint; thus, Defendant denies same.

4.      Defendant denies that it has been properly named and sued in this lawsuit. Defendant admits that Plaintiff's employer, and the properly-named Defendant for this action, is St. Luke's Episcopal Hospital.  Defendant admits the remaining allegations in paragraph 4 of Plaintiff's Complaint.

**FACTS**

5.      Defendant admits that Plaintiff was hired in October of 1996 to work as a PSA in Defendant's 15 Tower department.  Defendant further admits that, by the time of his termination

in 2010, Plaintiff held the title of Sr. Admitting Interviewer.  Defendant denies the remaining allegations in paragraph 5 of Plaintiff's Complaint.

      6.      Defendant denies the allegations in paragraph 6 of Plaintiff's Complaint.

## CAUSES OF ACTION

      7.      The introductory statements in paragraph 7 of Plaintiff's Complaint are not factual in nature and state legal conclusions and, hence, require no response of admission or denial. Defendant denies all the remaining factual allegations in paragraph 7 of Plaintiff's Complaint.

      8.      Defendant denies the allegations in paragraph 8 of Plaintiff's Complaint.

      9.      Defendant denies the allegations in paragraph 9 of Plaintiff's Complaint.

## EXHAUSTION OF REMEDIES

      10.      Defendant is without sufficient knowledge and information to admit or deny the allegations in paragraph 10 of Plaintiff's Complaint; thus, Defendant denies same.

## PRAYER

      (unnumbered) Defendant denies that Plaintiff is entitled to any of the relief sought or requested in his Prayer.

### III. DEFENDANT'S PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff's Complaint be dismissed with prejudice in its entirety; that Plaintiff takes nothing against Defendant and judgment be entered for Defendant; that Defendant be awarded its reasonable attorneys' fees and court costs; and for such further relief, both general and special, at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

Epstein Becker Green Wickliff & Hall, P.C.

/s/ Norasha L. Williams
A. Martin Wickliff, Jr.
State Bar No. 21419900
Federal Bar No. 3466
Norasha L. Williams
State Bar No. 24013759
Federal I.D. 26690
Nelsy Gomez
State Bar No. 24059835
Federal I.D. 932913
Wells Fargo Plaza
1000 Louisiana, Suite 5400
Houston, Texas  77002-5013
Telephone (713) 750-3100
Facsimile (713) 750-3101

**ATTORNEYS FOR DEFENDANT**
**ST. LUKE'S EPISCOPAL HOSPITAL**


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing *Defendant's Original Answer to Plaintiff's Second Amended Complaint* was forwarded via facsimile and/or by certified mail, return receipt requested, on this 24th day of January 2011  as follows:

Onyenezi, Chukwuka Frank
The Onyenezi Law Firm & Associates
9898 Bissonnet St., Suite 625
Houston, Texas  77036
Via Facsimile No.:  713-782-6633
Via CMRRR No.:  7003 2260 0007 0072 0864


/s/ Norasha L. Williams
Norasha L. Williams